## WAY v. J. H. WAY & SONS CO.

(District Court, E. D. Pennsylvania. August 27, 1914.)

### No. 1293.

RECEIVERS (§ 208*)—ANCILLARY RECEIVERSHIPS—DIRECTIONS OF COURT.

    As a general rule, proceedings in which an ancillary receiver has been appointed for a corporation will be confined to conserving the property within the jurisdiction and transmitting the money into which it may be converted for distribution in the original proceedings, and the court will

not, especially in case of a purely private corporation, direct its receiver to enter into contracts with respect to its business which are beyond his general powers.

[Ed. Note.—For other cases, see Receivers, Cent. Dig. § 416; Dec. Dig. § 208.*]

In Equity. Suit by J. Harold Way against J. H. Way & Sons Company. On petitions of receivers for authority to enter into contract, and for an order to pay. Denied.

Edgar J. Pershing, of Philadelphia, Pa., for petitioner.

### Surpetition of Receivers for Authority to Enter in Contract.

DICKINSON, District Judge. There are several reasons for withholding the decree asked for, all bearing, however, upon the question of the approved practice in such cases.

1. The proceedings in this court are ancillary to like proceedings in the court of the domicile of the corporation. As a general rule, the ancillary proceedings are well confined to conserving the property of the corporation within the jurisdiction of the court and transmitting the moneys into which it may be converted for distribution in the original proceedings.

2. This corporation is a purely private one. It has no public duties to perform and no public function to serve. The interference of a court with its affairs should be confined, so far as possible, to the strictly legal purposes of receiverships, leaving its business affairs to those most concerned with them.

3. The submission to the court of particular contracts is to multiply applications and require the court to enter into the business of the corporation by assuming to do what ought to be and can be much better done by the receivers who have already been given full general authority to conduct the business and raise whatever moneys are required. There is therefore no necessity for the interference of the court. All the court should do is to authorize the receivers to act, and this authority they already have.

No decree being necessary we make none.

### Surpetition of Receivers for Order to Pay.

What should be done in view of the statement of facts submitted with this petition is one which the receivers can determine for themselves.

For the reasons stated in declining to make the decree asked for by another petition, we decline to make a decree in the premises.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes